PAUL SENIO, ROSE MUCCIO AND ANTHONY J. LA SALA, PLAINTIFFS, v. ALFRED REDA, MUNICIPAL CLERK OF THE BOROUGH OF WEST PATERSON, CIVIL SERVICE COMMISSION, A PRINCIPAL DEPARTMENT IN THE EXECUTIVE BRANCH OF THE GOVERNMENT, STATE OF NEW JERSEY, GENE VIVINO, AND HERMAN STEINBERG, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided November 10, 1967

*Mr. Anthony J. La Sala* for plaintiffs and *pro se* (*Mr. Anthony J. La Sala,* attorney).

*Mr. J. Mortimer Rubenstein* for defendant Alfred Reda, Municipal Clerk of West Paterson (*Messrs. Rubenstein & Albert,* attorneys).

*Mr. Theodore A. Winard,* Deputy Attorney General, for defendant Civil Service Commission (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

*Mr. Nicholas A. DeMiro* for defendant Gene Vivino (*Messrs. Richards and DeMiro,* attorneys).

*Mr. Herman Steinberg,* defendant, *pro se* (*Mr. Herman Steinberg,* attorney).

MOUNTAIN, J. S. C. On or about January 1, 1967 plaintiffs Anthony J. La Sala and Rose Muccio were respectively appointed to the positions of attorney and clerk of the West Paterson Board of Adjustment. The municipality had adopted Civil Service on November 3, 1959, at which time and continuously thereafter until the appointment of plaintiffs these two positions were occupied by defendants Herman Steinberg and Gene Vivino. Defendant Civil Service Commission refused to approve plaintiffs' appointments upon the ground that the positions of attorney and clerk had been placed in

the competitive division of the classified service as of November 3, 1959, and that defendants who were then holding those positions had become entitled to tenure by virtue of *N. J. S. A.* 11:21-6.

Plaintiffs point out that at no time prior to the institution of this suit had either the position of attorney or clerk of the board of adjustment been created either by statute or ordinance. Parenthetically, it may be noted that thereafter an ordinance creating these two positions was enacted on August 16, 1967, fixing in each case a definite term of office. Plaintiffs therefore argue that *N. J. S. A.* 11:21-6 cannot protect defendants, under the doctrine of *Handlon* v. *Town of Belleville,* 4 *N. J.* 99 (1950). That case held that for an employee of a municipality to come within the favor of *N. J. S. A.* 11:21-6, the office or position held by the municipal employee at the time of the adoption of *Title* 11, "Civil Service," must have been one that had been created either by statute or ordinance. Defendants seek to parry the thrust of this argument by drawing attention to *N. J. S. A.* 11:21-5.2. This statute extends the scope of protection, upon adoption of Civil Service by a municipality, to all employees who have been on the municipal payroll for not less than one year prior to the filing of the petition resulting in the adoption of Civil Service, and whose employment has not been of a temporary nature, notwithstanding the absence of any ordinance creating the position. This statute was adopted in 1951—very possibly in response to the decision in *Handlon, supra.* The issue now before the court is to determine whether, as urged by the Civil Service Commission, the statute should be given a general application or, as the plaintiffs contend, it was intended to have only retrospective force. In examining the language of the act itself it should initially be noted that the first sentence reads, in pertinent part,

"In any municipality which *heretofore has adopted* the provisions of subtitle three of Title 11 of the Revised Statutes * * *."

Furthermore, section 2 of the statute as enacted, which has been subjoined as an historical note in the *New Jersey Statutes Annotated,* reads:

"This act shall take effect immediately and *shall be applicable only to employees who are in employment at the time this act shall become effective.*" (All emphasis supplied)

This language quite obviously bespeaks a retrospective intent only.

■■ The legislative history of the statute is helpful. It was introduced January 29, 1951. The first section of the act, in substantially the language of *N. J. S. A.* 11:21–5.2, sought to bring within the protection of Civil Service the enlarged group of employees as described above—"In any municipality which has heretofore adopted" Civil Service. The second section sought to do the same "In any municipality which hereafter shall adopt" the provisions of *Title* 11. In this form it was referred to the Committee on Counties and Municipalities which reported it back to the Senate with the proposal that the first section be omitted, thus giving the proposed legislation *prospective* application only. The Official Copy Reprint of the bill is in this form. It was thereafter again referred to the same committee. The Senate Journal for March 21, 1951 reveals that at this point the words "hereafter shall adopt" were deleted to be replaced by the words "heretofore has adopted," thus explicitly altering the intended purport of the statute. At the same time the final section was reworded, expressly limiting the effect of the statute to "employees who are in employment at the time this act shall become effective." Thus, the legislative intent is abundantly clear. The act was intended to refer, as its language certainly indicates, *only* to employees of municipalities where Civil Service had already been adopted. It accordingly has no application in respect to the Borough of West Paterson, which did not adopt *Title* 11 until some eight years after the act was passed.

The Civil Service Commission urges that the construction here placed upon this statute is contrary to the holding in *Loboda* v. *Clark Twp.*, 74 *N. J. Super.* 159 (*Law Div.* 1962), affirmed 40 *N. J.* 424 (1963). That case dealt with the interrelationship between certain sections of the Civil Service Act and certain sections of the Faulkner Act. The question here presented was not directly involved. In affirming the decision below, the Supreme Court made no mention of *N. J. S. A.* 11:21–5.2.

Finally, the Commission suggests that as here interpreted the statute violates *Art.* IV, § VII, *pars.* 7, 9(5) and 9(13) of the *New Jersey Constitution.* I express no view as to any alleged constitutional infirmity. The issue is not raised by the pleadings nor has it been briefed.

In view of the decision reached above it is not necessary to consider the other points raised and argued by counsel. It should be mentioned, however, that on September 29, 1967 the Civil Service Commission rendered a comprehensive decision determining that the position of attorney, board of adjustment, should be in the unclassified service under *N. J. S. A.* 11:22–2(*o*).

This opinion will be deemed to supersede the court's oral conclusions delivered at the time of argument to the extent that it represents a departure therefrom. Plaintiffs are entitled to judgment validating their occupancy of the positions in question from the dates of appointment. No costs.